UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br>  v.<br><br>IOVANNY CASTRO-CAMACHO,<br><br>      Defendant. | CASE NO. CR21-5335 RJB<br><br>ORDER DENYING MOTIONS |

  This matter comes before the Court on Defendant Iovanny Castro-Camacho's Motion for Reduction in Sentence and/or Compassionate Release (Dkt. 137) and Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (Dkt. 132).

  The Court is familiar with the contents of the Court file, including documents filed in support of and in opposition to the motions, has considered oral argument, and is fully advised.

  At Defendant's sentencing on July 29, 2022, the Court made an error in not deducting two points for Defendant's minor role under USSG 3B1.2, which would have been in addition to the

ORDER DENYING MOTIONS - 1

reduction of his base offense level. The Probation Department and all counsel agree that the Court made the error, and the Court bears the responsibility for it. Now at issue is whether this error can now be rectified, and the whether the points can be deducted, resulting an amended judgment.

An analysis of the applicable United States Sentencing Guidelines (USSG) is appropriate:

The correct offense level was 26. The Court used an offense level of 28, by eliminating a two-point reduction relating to the Defendant's role in the offense.

The Court's erroneous analysis resulted in an offense level of 28, a guideline range of 78 to 97 months, and a prison term of 60 months.

After the sentencing, the government acknowledged that Defendant was entitled to a further two-point offense reduction under USSG 4C1.1, leaving an offense level of 26, and a guideline range of 63 to 78 months. Since Defendant's sentence of 60 months was less than the guideline minimum sentence of 63 months, no action was taken on the USSG 4C1.1 reduction.

Still missing was any credit for the 4C1.1 reduction.

Plaintiff argues - and the Court agrees - that under the facts of the case and USSG 1B1.10(b)(2)(A), there is no way under the law and the USSG for the Court to resurrect the missing two-point reduction based on the Court's error. Defendant waived his appeal rights in his plea agreement. Those conclusions raise the issue of whether the "extraordinary and compelling" line of authority provides some relief to Defendant.

Defendant has requested such relief from his sentence based on 18 U.S.C. § 3582.

The Court's considerations are well set out in *United States v Wright*, 48 F.4th 938 (9th Cir. 2022) as follows:

First, the district court must determine whether "extraordinary and compelling reasons warrant" a sentence reduction. Id. at 1107–08 (quoting 18 U.S.C. § 3582(c)(1)(A)(i) ). Second, the court must evaluate whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Id. at 1108 (quoting 18 U.S.C. § 3582(c)(1)(A). Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted 'under the particular circumstances of the case . . . .

*Wright*, 48 F.4th at 945.  (The Court uses the *Wright* listing as a shortcut to the "extraordinary and compelling" analysis.)

The "policy statements" referred to are found at USSG 1B1.13.

First and second, it is arguable, but doubtful, that Defendant is entitled to a finding of "extraordinary and compelling" reasons for sentence adjustment, particularly in light of USSG 1B1.13(d), limiting consideration of rehabilitation, and limitations on the "other reasons" USSG 1B1.13(b)(5) requiring the Court to weigh Defendant's situation to determine if it carries a weight of "similar gravity" with listed examples.  The loss of offender points does not seem to fit the guidelines' explanation of "extraordinary and compelling."

Third, the Court must analyze Defendant's position with the § 3553 factors in mind.  In support of his position, the only showing by the Defendant on this subject appears in Defendant's *pro se* claim, wherein he lists some progress in the prison system as follows:

> I am on the Drug Treatment Program Spanish waiting list, I've worked in R & D and as a Orderliee (sic) in ISM and now I am a Unit A Orderliee (sic).  I completed my High School Diploma on 4-17-23 which is my GED in Spanish, I also did the ESL Class, English as a second language, Kairos Course Chapel GOD based program, Certificate of Gospel Echoes Team of Bible studies and many more FSA and ACE Programs and Classes.  Also programs of RPP for when I am released into the free world.  I pray that you reduce my sentence.

This scant report, while commendable, does not give the Court a factual basis to consider compliance with the 18 U.S.C. § 3553(a) factors.

ORDER DENYING MOTIONS - 3

The showing here does not support Defendant's motions. Therefore, for the foregoing reasons, Defendant Iovanny Castro-Camacho's Motion for Reduction in Sentence and/or Compassionate Release (Dkt. 137) and Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (Dkt. 132) are hereby DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of September, 2024.

ROBERT J. BRYAN
United States District Judge